IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TY INC., <br><br> Plaintiff, <br><br> v. <br><br> TIGI LINEA, INC. and <br> TONI & GUY USA, INC., <br><br> Defendants. | Civil Action No.: **01C 4893** <br><br> Judge: **JUDGE CASTILLO** <br><br> Magistrate Judge: **MAGISTRATE JUDGE NOLAN** |

**COMPLAINT AND DEMAND FOR JURY**

Plaintiff, Ty Inc. ("Ty"), for its Complaint, states as follows:

**JURISDICTION AND VENUE**

1. This is an action for copyright infringement brought under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*, as well as trade dress infringement brought under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This action is also for unfair competition brought under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and for common law unfair competition under the laws of the State of Illinois. Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1338(a) and (b). Venue is proper under 28 U.S.C. § 1391(b) and (c), and § 1400(a).



## THE PARTIES

2. Ty is a Delaware corporation with its principal place of business in Westmont, Illinois. Ty is a leading manufacturer of plush animal toys. Ty owns the exclusive copyrights to numerous soft sculptures marketed as plush toys, including the copyrights to a plush bear called "Purplebeary," Style No. 5313 (hereafter "Ty's Purplebeary Bear").

3. Upon information and belief and after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that Defendant, Tigi Linea, Inc. is a Texas corporation with its principal place of business at 2311 Midway Road, Carrollton, Texas 75006, and that Tigi Linea, Inc. is a subsidiary of Defendant Toni & Guy U.S.A., Inc.

4. Upon information and belief and after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that Defendant, Toni & Guy U.S.A., Inc. is a Texas corporation with its principal place of business at 2311 Midway Road, Carrollton, Texas 75006. (Defendants Tigi Linea, Inc. and Toni & Guy U.S.A., Inc. are hereafter collectively referred to herein as "TIGI.")

5. As described in more detail below, TIGI has distributed, sold and/or offered to sell hair care products with a promotional plush toy bear that infringes Ty's Purplebeary Bear, and has distributed, sold and/or offered to sell these infringing plush toys to customers in this District.

## STATEMENT OF FACTS

### Ty's Ownership of Copyrights Relating To Its PURPLEBEARY Plush Bear

6. In approximately January of 1999, Ty began selling an original plush bear named "Purplebeary" as part of its "Ty Classic" line of plush animals. Ty owns the copyrights to and has

obtained a copyright registration from the United States Copyright Office for its Purplebeary Bear, Registration No. VA 1-050-097, a copy of which is attached as **Exhibit A**. Photographs containing Ty's Purplebeary Bear are attached as **Exhibit B**.

7. Ty's Purplebeary Bear is an original soft sculpture, created by Ty before the publication date on the copyright registration for this toy, and comprises copyrightable subject matter under the copyright laws of the United States.

8. Ty's Purplebeary Bear, in addition to being protected by copyright, has design features that are non-functional and inherently distinctive or have acquired secondary meaning. These design features are recognized by consumers as indicating plush animals originating with Ty and are therefore Ty's protectable trademarks and trade dress.

### Defendants' Tortious Acts

9. TIGI is violating Ty's copyright rights by manufacturing, importing, distributing, selling, and/or offering for sale a plush bear in connection with TIGI's "Catwalk" line of hair care products, which bear is substantially similar to Ty's Purplebeary plush bear (hereafter referred to as "TIGI's Catwalk Bear").

10. Photographs of TIGI's Catwalk Bear are depicted in **Exhibit B**.

11. TIGI is not licensed by Ty, and at all relevant times was not authorized by Ty or any authorized agent of Ty to display, distribute, sell, offer for sale, manufacture, import, and/or reproduce Ty's Purplebeary Bear. Upon information and belief and after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that TIGI is currently engaged in such unauthorized conduct and, unless enjoined by this Court, will continue such conduct.

12. TIGI has incorporated the distinctive design features of Ty's Purplebeary Bear into TIGI's Catwalk Bear.

13. Upon information and belief after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that TIGI had knowledge of and access to Ty's Purplebeary Bear before manufacturing, importing, distributing, selling, and/or offering for sale TIGI's Catwalk Bear.

14. Upon information and belief after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that TIGI's infringement of Ty's Purplebeary Bear has been willful and deliberate and will continue to Ty's irreparable harm unless enjoined by this Court.

## COUNT I

### Copyright Infringement

15. Paragraphs 1-14 are incorporated herein by reference.

16. Ty has complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the above-referenced copyright, and in compliance with the law has received from the Register of Copyrights the appropriate Certificate of Registration, which constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate.

17. After the date of registration of the above-referenced copyright, and continuing to date, TIGI has infringed the aforesaid copyright in Ty's Purplebeary Bear by manufacturing, importing, displaying, distributing, selling, and/or offering for sale, without Plaintiff's consent, TIGI's Catwalk Bear, which is a copy of, is substantially similar to, and infringes the copyright in Ty's Purplebeary

plush bear, in violation of 17 U.S.C. §§106 and 501. (Exhibit B, attached, contains a photograph showing Ty's Purplebeary Bear side by side with TIGI's Catwalk Bear.)

18. Upon information and belief, after a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support that said conduct by TIGI was and is willfully done with knowledge of Ty's copyrights.

19. Ty has no adequate remedy at law. TIGI's infringing conduct has caused and, if not enjoined, will continue to cause irreparable injury to Ty. Ty is entitled to injunctive relief and damages.

## COUNT II

### Trade Dress Infringement

20. Paragraphs 1-14 are incorporated herein by reference.

21. Ty's Purplebeary Bear incorporates design features that are inherently distinctive or have acquired secondary meaning and are non-functional.

22. TIGI's Catwalk Bear has non-functional design features that are confusingly similar to the non-functional design features of Ty's Purplebeary Bear and are confusingly similar to Ty's Purplebeary Bear.

23. TIGI, by its acts alleged herein, did and is continuing to falsely advertise and designate the origin of, or is marketing TIGI's Catwalk Bear in a manner calculated to lead the public to believe that TIGI's Catwalk Bear emanates from, or is sponsored by, or are approved by Ty, and thereby has confused and is likely to continue to confuse the public as to the origin of TIGI's Catwalk Bear in violation of the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

24. After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support to show that there has been actual confusion by the public between TIGI's Catwalk Bear and Ty's Purplebeary Bear.

25. After a reasonable opportunity for further investigation and discovery, there is likely to be evidentiary support that said conduct by TIGI was and is willful and intentional.

26. By reason of TIGI's acts as alleged above, Ty has suffered and will continue to suffer damage and injury to its business reputation and goodwill, and will sustain serious loss of revenue and profits in an indeterminate amount.

27. Unless enjoined by this Court, TIGI will continue to commit the acts complained of herein, all to the immediate and irreparable harm of Ty. Consequently, Ty has no adequate remedy at law.

## COUNT III

### Unfair Competition and Deceptive Trade Practices

28. Paragraphs 1-14 are incorporated herein by reference.

29. TIGI has, and on information and belief intends to continue to, willfully engage in unfair competition and deceptive trade practices under federal law and the common law of the State of Illinois by its unauthorized use of Ty's trade dress, as well as trade dress confusingly similar thereto.

30. By reason of TIGI's acts as alleged above, Ty has suffered and will continue to suffer damage and injury to its business, reputation and goodwill and will sustain serious loss of revenues and profits in an indeterminate amount.

31. Unless enjoined by this Court, TIGI will continue to do the acts complained of herein all to the irreparable harm of Ty. Ty has no adequate remedy at law.

## COUNT IV

### State Unfair Competition

32. Paragraphs 1-14 are incorporated herein by reference.

*33.* The aforesaid acts of TIGI constitute deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 *et seq.* and the Illinois Consumer Fraud and Deceptive Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*

34. By reason of TIGI's acts as alleged above, Ty has suffered and will continue to suffer damages and injury to its business, reputation and goodwill and will sustain serious loss to the distinctive quality of its famous marks.

35. Unless enjoined by this Court, TIGI will continue to do the acts complained of herein to the irreparable harm of Ty. Ty has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A. Declare that TIGI has infringed Ty's copyrights in Ty's Purplebeary Bear.

B. Declare that TIGI has infringed Ty's trade dress rights as set forth under 15 U.S.C. § 1051 *et seq.*

C. Order that TIGI and all its employees, servants, agents, distributors and persons in active concert with it be temporarily during the pendency of this action and permanently thereafter enjoined from displaying, advertising, promoting, selling or offering for sale, or otherwise distributing plush toys that are substantially or confusingly similar to Ty's Purplebeary Bear or otherwise infringing Ty's trade dress rights, and other proprietary rights.

D. Order that, pursuant to 17 U.S.C. § 502, TIGI and all its employees, servants, agents, distributors and persons in active concert with it be enjoined, temporarily while this action is pending and permanently thereafter, from reproducing, copying, displaying, advertising, promoting, importing, selling or offering for sale, or otherwise distributing TIGI's Catwalk Bear or otherwise infringing Ty's copyrights.

E. Order TIGI to immediately require their customers, distributors, authorized dealers, and the like, to cease and desist all advertising, marketing, offering for sale and selling of TIGI's Catwalk Bear.

F. Order TIGI to recall from their customers, distributors, authorized dealers, and the like, all copies or reproductions of TIGI's Catwalk Bear and all promotional and marketing materials therefor.

G. Order, pursuant to 17 U.S.C. § 503, the impounding for destruction of all copies or reproductions of TIGI's Catwalk Bear, all patterns and other means for producing such copies, and all advertisements and promotional literature therefor.

H. Order an accounting of TIGI's profits and award Plaintiff its actual and/or statutory damages, including increased damages for willful violation.

I. Award Plaintiff monetary relief in an amount to be fixed by the Court in its discretion as just, including:

(1) All profits received by TIGI from sales and revenues of any kind made as a result of its infringing actions; and

(2) All damages sustained by Plaintiff as a result of TIGI's acts of infringement, and that such damages be trebled.

J. Award Plaintiff, pursuant to 17 U.S.C. § 505, interest, costs, and attorney's fees.

K. Award Plaintiff such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all counts and claims triable to a jury.

Respectfully submitted,

Dated: June 26, 2001

James P. White (03001032)
Laurie A Haynie (06195230)
J. Aron Carnahan (06242642)
WELSH & KATZ, LTD.
120 South Riverside Plaza, 22nd Floor
Chicago, Illinois 60606
(312) 655-1500

Counsel for Plaintiff Ty Inc.

# Exhibit A

# CERTIFICATE OF REGISTRATION

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**FORM VA**
a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

VA 1-050-097

EFFECTIVE DATE OF REGISTRATION

June 5 2001
Month  Day  Year

---

**1** **TITLE OF THIS WORK ▼**
TY INC. - PURPLEBEARY #5313

**NATURE OF THIS WORK ▼** See Instructions
SOFT SCULPTURE

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. **Title of Collective Work ▼**

If published in a periodical or serial give:  Volume ▼   Number ▼   Issue Date ▼   On Pages ▼

---

**2 a** **NAME OF AUTHOR ▼**
TY INC.

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ U.S.A.
     Domiciled in ▶ U.S.A.

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NATURE OF AUTHORSHIP**   Check appropriate box(es).   **See Instructions**
☒ 3-Dimensional sculpture    ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph       ☐ Text
☐ Reproduction of work of art ☐ Jewelry design  ☐ Architectural work
☐ Design on sheetlike material

**b** **NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼   Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
     Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP**   Check appropriate box(es).   **See Instructions**
☐ 3-Dimensional sculpture    ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork      ☐ Photograph       ☐ Text
☐ Reproduction of work of art ☐ Jewelry design  ☐ Architectural work
☐ Design on sheetlike material

---

**3 a** **YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**   This information must be given in all cases.
1999 ◀ Year

**b** **DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**   Complete this information ONLY if this work has been published.
Month ▶ JANUARY   Day ▶ 15   Year ▶ 1999
U.S.A. ◀ Nation

---

**4** **COPYRIGHT CLAIMANT(S)**   Name and address must be given even if the claimant is the same as the author given in space 2. ▼

TY INC.
P.O. BOX 5377
OAK BROOK, ILLINOIS 60522

See instructions before completing this space.

**TRANSFER**   If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

APPLICATION RECEIVED
JUN 05 2001
ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED
JUN 05 2001
FUNDS RECEIVED

---

**MORE ON BACK** ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of 2 pages

EXAMINED BY ____W____

CHECKED BY _____

☐ CORRESPONDENCE
   Yes

FORM VA

FOR COPYRIGHT OFFICE USE ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes  ☒ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give:   Previous Registration Number ▼      Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. **Preexisting Material**   Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work**   Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions before completing this space

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼                                        Account Number ▼

**7**

**CORRESPONDENCE**  Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

Laurie A. Haynie
WELSH & KATZ, LTD.
120 S. Riverside Plaza - 22nd Floor
Chicago, Illinois 60606   email: lahaynie@welshkatz.com
                        Area Code and Telephone Number ▶ (312) 655-1500  Fax: (312) 655-0008

**8**

Be sure to give your daytime phone number

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the
check only one ▼
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of   TY INC.
                      Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Laurie A. Haynie                                                          Date ▶ June 4, 2001

☞ Handwritten signature (X) ▼  /s/ Laurie A. Haynie

**9**

**MAIL CERTIFICATE TO**

Name ▼
Laurie A. Haynie

Number/Street/Apt ▼
WELSH & KATZ, LTD.
120 S. Riverside Plaza - 22nd Floor

City/State/ZIP ▼
Chicago, Illinois 60606

Certificate will be mailed in window envelope

**YOU MUST:**
• Complete all necessary spaces.
• Sign your application in space 8.
**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $30 filing fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Register of Copyrights
Library of Congress
Washington, D.C. 20559-6000

\*17 U.S.C. section 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

LegalStar, 1999

# EXHIBIT B



Ty's Purplebeary Bear

TIGI's Catwalk Bear



Ty's Purplebeary Bear

TIGI's Catwalk Bear



JS 44
(Rev. 07/89)

(JT 3)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
TY INC.

**JUDGE CASTILLO**

**MAGISTRATE JUDGE NOLAN**

### DEFENDANTS
TIGI LINEA, INC. AND TONI & GUY U.S.

**DOCKETED**
**JUN 2 7 2001**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF DuPage
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James P. White, Laurie A. Haynie and
J. Aron Carnahan, WELSH & KATZ, LTD.,
120 S. Riverside Plaza-22nd Floor
Chicago, Illinois 60606 (312) 655-1500

ATTORNEYS (IF KNOWN)

**01C 4893**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Copyright Laws of the United States, 17 U.S.C. Section 101 et.seq.
Trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a)
Unfair Competition under the Lanham Act, 15 U.S.C. Section 1051 et seq.,

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | | ☐ 650 Airline Regs | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ TO BE DETERMINED

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. REMARKS
In response to ☒ is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐ is a refiling of case number _____ of Judge _____

DATE 6-26-01

SIGNATURE OF ATTORNEY OF RECORD
/s/ Laurie A. Haynie

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**JUDGE CASTILLO**

In the Matter of. TY INC. V. TIGI LINEA, INC. AND TONI & GUY USA, INC.

**MAGISTRATE JUDGE NOLAN**

Case Number: 01C 4893

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:
TY INC.

**DOCKETED JUN 27 2001**

---

**(A)**
SIGNATURE: *[signed]*
NAME: James P. White
FIRM: WELSH & KATZ, LTD
STREET ADDRESS: 120 S. Riverside Plaza – 22nd Floor
CITY/STATE/ZIP: Chicago, Illinois 60606
TELEPHONE NUMBER: (312) 655-1500
IDENTIFICATION NUMBER: 03001032
MEMBER OF TRIAL BAR? YES [X]
TRIAL ATTORNEY? YES [X]

**(B)**
SIGNATURE: *[signed]* Laurie A. Haynie
NAME: Laurie A. Haynie
FIRM: WELSH & KATZ, LTD
STREET ADDRESS: 120 S. Riverside Plaza – 22nd Floor
CITY/STATE/ZIP: Chicago, Illinois 60606
TELEPHONE NUMBER: (312) 655-1500
IDENTIFICATION NUMBER: 06195230
MEMBER OF TRIAL BAR? NO [X]
TRIAL ATTORNEY? NO [X]
DESIGNATED AS LOCAL COUNSEL? NO [X]

**(C)**
SIGNATURE: *[signed]*
NAME: J. Aron Carnahan
FIRM: WELSH & KATZ, LTD
STREET ADDRESS: 120 S. Riverside Plaza – 22nd Floor
CITY/STATE/ZIP: Chicago, Illinois 60606
TELEPHONE NUMBER: (312) 655-1500
IDENTIFICATION NUMBER: 06242642
MEMBER OF TRIAL BAR? NO [X]
TRIAL ATTORNEY? NO [X]
DESIGNATED AS LOCAL COUNSEL? NO [X]

**(D)**
SIGNATURE:
NAME:
FIRM:
STREET ADDRESS:
CITY/STATE/ZIP:
TELEPHONE NUMBER:
IDENTIFICATION NUMBER:
MEMBER OF TRIAL BAR?
TRIAL ATTORNEY?
DESIGNATED AS LOCAL COUNSEL?